United States District Court
Southern District of Texas
**ENTERED**
January 29, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 4:20-cv-03221 |
| | ) | |
| CONN CREDIT I, LP, | ) | |
| CONN APPLIANCES, INC., and | ) | |
| CONN'S, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CONSENT ORDER

## I.     INTRODUCTION

1.      This Consent Order resolves the allegations in the United States' Complaint ("Complaint") that Defendants Conn Credit I, LP, Conn Appliances, Inc., and Conn's, Inc. (hereinafter collectively the "Conn Defendants") violated the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. §§ 3901-4043, by engaging in a pattern or practice of failing or refusing to lower the interest rate on pre-service retail installment contracts and interest bearing loans ("Contracts") entered into by SCRA-protected servicemembers[1] to six percent (6%) per year after being provided with written notices and military orders or other appropriate indicators of military service.

2.      Defendant Conn's, Inc. is a Delaware Corporation with principal executive offices at 2445 Technology Forest Boulevard in The Woodlands, Texas.

---

[1] For purposes of this Consent Order, the term "SCRA-protected servicemembers" includes "servicemembers" in "military service" as those terms are defined in 50 U.S.C. § 3911(1) and (2).

3.       Defendant Conn Credit I, LP is a Texas limited partnership and a wholly owned subsidiary of Defendant Conn's, Inc., with principal executive offices at 2445 Technology Forest Boulevard in The Woodlands, Texas.

4.       From at least March 22, 2014, Defendant Conn Credit I, LP has purchased, has been assigned, or has had transferred to it Contracts between Conn Credit Corporation, Inc. or Defendant Conn Appliances, Inc. (hereinafter collectively the "Conn Originators") and consumers purchasing goods from Conn's HomePlus retail stores.

5.       Defendant Conn Appliances, Inc. is a Texas corporation and a wholly owned subsidiary of Defendant Conn's, Inc., with principal executive offices at 2445 Technology Forest Boulevard in The Woodlands, Texas.

6.       From at least March 22, 2014, Defendant Conn Appliances, Inc. has been a specialty retailer that offers consumer durable goods to the public through Conn's HomePlus retail stores.  Conn's HomePlus is an assumed name for Conn Appliances, Inc.  Conn's HomePlus sells furniture, mattresses, appliances, laptop computers, and televisions, among other consumer products.  From at least March 22, 2014, the Conn Originators entered into Contracts with consumers purchasing goods from Conn's HomePlus, and then sold, assigned, or transferred these Contracts to Defendant Conn Credit I, LP.  From at least March 22, 2014, the Conn Originators had an agreement with Defendant Conn Credit I, LP to provide servicing functions for Defendant Conn Credit I, LP's Contracts, including processing customer payments, adjusting payment amounts, calculating amortization schedules, assessing fees, and processing requests for SCRA interest rate benefits.

7.       From at least March 22, 2014, Defendant Conn Appliances, Inc. has operated a telephone call center that, *inter alia,* processes requests for SCRA benefits.

2

8.      This Consent Order covers all Contracts serviced or owned by the Conn Defendants from March 22, 2014, to the date of the Complaint.

9.      The parties agree that this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 50 U.S.C. § 4041.

10.     The parties agree that, to avoid costly and protracted litigation, the claims against the Conn Defendants should be resolved without further proceedings or an evidentiary hearing. The Conn Defendants neither admit nor deny the allegations contained in the United States' Complaint.  Therefore, as indicated by the signatures appearing below, the United States and the Conn Defendants (hereinafter collectively "the Parties") agree to the entry of this Consent Order.

It is hereby ORDERED, ADJUDGED, and DECREED:

## II.     INJUNCTIVE RELIEF[2]

11.     The Conn Defendants, their officers, employees, agents, representatives, assigns, successors-in-interest, and all persons and entities in active concert or participation with them are hereby enjoined from charging interest on any Contract incurred prior to a borrower's period of military service[3] in violation of the SCRA, 50 U.S.C. § 3937.

## III.    CONTRACT LOAN REVIEW

12.     The Conn Defendants have cooperated fully with the United States' investigation of this matter.  After receiving the United States' notice of investigation and request for data on all servicemember requests for interest rate reductions over the past five years, the Conn

---

[2] Nothing in this Consent Order shall preclude the Conn Defendants from offering greater protections to servicemembers than those afforded by this Consent Order or the SCRA.

[3] For purposes of this Consent Order, the terms "military service" and "period of military service" shall have the definitions set forth in Section 3911 of the SCRA, 50 U.S.C. § 3911(2) and (3).

3

Defendants conducted an internal review of the Contracts they own and service in order to identify the nature and scope of potential SCRA compliance issues.

13.     Through its reviews, the Conn Defendants have self-identified 185 accounts with errors with Conn Credit I, LP's application of 50 U.S.C. § 3937 from March 22, 2014 through May 31, 2019, and issued $59,216.12 in refund checks and $28,586.89 in account credits to servicemembers whose accounts were not properly serviced in accordance with SCRA requirements.  The Conn Defendants assert that they had no specific intent to violate the SCRA or to increase profits, and had no wrongful motive.

14.     Within thirty (30) days of the date of entry of this Consent Order, the Conn Defendants shall provide the United States[4] with the name of an independent consultant qualified to conduct a review of all of the Contracts owned and/or serviced by the Conn Defendants between March 22, 2014, and the date the Complaint was filed where a borrower submitted a request, either in writing, including though any online customer service center maintained for, or operated by, the Conn Defendants, or orally through a call center operated by the Conn Defendants, for a six percent (6%) interest rate benefit pursuant to 50 U.S.C. § 3937 ("the IC Review").  At the same time, the Conn Defendants shall provide the United States with a description of the proposed independent consultant's proposed methodologies for conducting the IC Review.  The IC Review shall include a review of all Contracts that were previously included in the Conn Defendants' internal review.

---

[4] All materials required by this Consent Order to be sent to counsel for the United States shall be sent by commercial overnight delivery addressed as follows: Chief, Housing and Civil Enforcement Section, Civil Rights Division, U.S. Department of Justice, 4 Constitution Square, 150 M Street, N.E., Washington, D.C. 20002, Attn: DJ 216-74-3.

15.     The United States shall have fifteen (15) business days to raise any objections to the Conn Defendants' proposed independent consultant and methodology and, if it raises any, the parties shall confer to resolve their differences.

16.     Within five (5) business days of the expiration of the period for objection, the United States' non-objection, or the resolution of any differences, whichever is applicable, the Conn Defendants shall engage the services of the agreed upon independent consultant ("the IC") to conduct the IC Review. The Conn Defendants shall bear all costs and expenses associated with the IC Review.

17.     The IC shall complete the IC Review and provide the results of the IC Review in the form of an "IC Report" to the parties within eight (8) months of the date of entry of the Consent Order.

18.     As part of its review, for those Contracts where the request for the interest rate reduction was made before August 13, 2018, the IC shall determine if the borrower provided the Conn Defendants with a copy of his or her military orders within 180 days after the end of the borrower's period of military service. All such Contracts shall be considered "Qualifying Contracts."

19.     As part of its review, for those Contracts where the request for the interest rate reduction was on or after August 13, 2018, the IC shall determine if the borrower provided the Conn Defendants with either a copy of his or her military orders or "any other appropriate indicator of military service, including a certified letter from a commanding officer," 50 U.S.C.

§ 3937(b)(1)(A), up to 180 days after the end of the borrower's period of military service.[5]  All

such Contracts shall be considered "Qualifying Contracts."

20.      For all Qualifying Contracts, the IC shall determine whether the Conn Defendants

fully complied with 50 U.S.C. § 3937, and, if not, the IC shall calculate the amount of interest

and fees improperly charged.

21.      Where the IC determines that any Qualifying Contract was provided SCRA

interest rate benefits, but the benefits provided were less than required by 50 U.S.C. § 3937, the

Conn Defendants shall pay the borrower $500.  In addition, the Conn Defendants shall refund or

credit all interest and fees charged above six percent (6%) not already refunded or credited by the

Conn's Defendants at the time of the IC's determination.

22.      Where the IC determines that protection under 50 U.S.C. § 3937 was wrongfully

denied in connection with a Qualifying Contract such that no interest rate benefits were provided

as required by 50 U.S.C. § 3937, the Conn Defendants shall pay the borrower $500.  In addition,

the Conn Defendants shall refund or credit all interest and fees above six percent (6%) not

already refunded or credited by the Conn Defendants at the time of the IC's determination.

23.      The United States shall have thirty (30) days from the date of receipt of the IC

Report to raise any objections to that report and, if it raises any, the parties shall confer to resolve

their differences.  Within thirty (30) days of the expiration of the period for objection, the United

States' non-objection, or the resolution of any differences, whichever is applicable, the Conn

---

[5] Should the IC have any questions regarding whether a particular document constitutes an "appropriate indicator of military service," the IC shall request a determination by the United States and give contemporaneous notice of its request to the Conn Defendants.  If the Conn Defendants object to the document constituting an "appropriate indicator of military service," the parties shall confer to resolve their differences.  If the parties cannot resolve their differences after good faith efforts to do so, either party may bring the dispute to this Court for resolution.

Defendants must compensate each borrower identified by the IC as being entitled to compensation ("aggrieved borrower") by sending via United States Postal Service first-class mail, postage prepaid, a copy of the letter at Appendix A, along with a compensation check in the amount(s) specified in Paragraphs 21 and 22, whichever is applicable.  Any letter returned to the Conn Defendants with a forwarding addresses must be mailed by the Conn Defendants to the forwarding address within fifteen (15) days from the date of the letter's return.  For any letters returned without a forwarding address, within fifteen (15) days from the date of the letter's return, the Conn Defendants must skip trace the aggrieved borrower in an attempt to locate a forwarding address, and, for any such address located, must mail the letter to that forwarding address.

24.     Every month for a period of nine (9) months following the Conn Defendants' receipt of the IC Report, the Conn Defendants shall provide the United States with an accounting of all credits and checks issued (including copies of issued checks), and all checks cashed.

25.     The Conn Defendants shall take the steps detailed in this Paragraph and Paragraph 26 for any checks that have not been deposited or cashed within six (6) months from the date of their initial mailing.  If an aggrieved borrower has an open Contract with the Conn Defendants, the Conn Defendants shall credit each such borrower's account(s) the amount of the compensation due to the aggrieved borrower under this Consent Order.  If an aggrieved borrower has more than one open account with the Conn Defendants, then the Conn Defendants shall credit the account with the highest interest rate.

26.     For any checks that have not been deposited or cashed within six (6) months from their initial mailing where an aggrieved borrower does not have an open Contract with the Conn

Defendants, these checks will be reported by the Conn Defendants in accordance with state unclaimed property laws.

## IV.   OTHER RELIEF

27.     Not later than sixty (60) days after the date of entry of the Consent Order, for the servicemembers associated with the 185 Contracts specified in Paragraph 13, the Conn Defendants must request, to the extent not already done so as part of its voluntary remediation discussed above, that all three (3) major credit bureaus modify or delete negative credit entries that took place after the servicemember requested, but failed to receive, the full amount of SCRA interest rate benefits to which they were entitled.  Not later than sixty (60) days after the date of the IC Report, for the servicemembers associated with any newly identified Contracts in the IC Report, the Conn Defendants must request that all three (3) major credit bureaus modify or delete negative credit entries that took place after the servicemembers requested, but failed to receive, the full amount of SCRA interest rate benefits to which they were entitled.  The Conn Defendants may comply with the requirements of this paragraph, specifically the requirement to modify or delete negative credit entries, by submitting e-OSCAR Automated Universal Dataforms ("AUDs") and by issuing instructions to all three major credit bureaus in the manner outlined in Appendix B.

## V.   PAYMENT TO THE UNITED STATES

28.     Within ten (10) calendar days of the effective date of this Consent Order, the Conn Defendants shall pay a total of Fifty Thousand Dollars ($50,000) to the United States Treasury pursuant to 50 U.S.C. § 404l(b)(3)(B) and 28 C.F.R. 85.5.  The payment shall be made in the form of an electronic funds transfer pursuant to written instructions to be provided by the United States.

## VI.    TRAINING

29.     The Conn Defendants shall provide SCRA compliance training to all management officials and other employees who: (a) provide customer service to servicemembers in connection with the servicing of their Contracts; and/or (b) have significant involvement in servicing Contracts, including setting the interest rates or fees ("covered employees") within forty-five (45) calendar days after the Conn Defendants' new training program is approved by the United States or the Court pursuant to Paragraph 32.  The Conn Defendants shall also follow these training procedures for all of their employees who subsequently become covered employees within thirty (30) calendar days of their hiring, promotion, or transfer.  The Conn Defendants shall provide to each covered employee training on: (a) the terms of the SCRA specific to the employee's responsibilities; (b) the terms of the Conn Defendants' SCRA Policies and Procedures (both those required pursuant to Paragraph 35 and all others adopted by the Conn Defendants) specific to the employee's responsibilities; and (c) the terms of this Consent Order specific to the employee's responsibilities.

30.     During the term of this Consent Order, the Conn Defendants shall provide annual SCRA training, with the same content as described in Paragraph 29, to covered employees with respect to their responsibilities and obligations under the SCRA, the SCRA Policies and Procedures, and the terms of this Consent Order.

31.     Within forty-five (45) days of the United States' approval of the SCRA Policies and Procedures pursuant to Paragraph 36 , the Conn Defendants shall provide to the United States the curriculum, instructions, and any written materials included in the training required by Paragraphs 29 and 30.

32.     The United States shall have forty-five (45) days from receipt of these documents to raise any objections to the Conn Defendants' training materials, and, if it raises any, the parties shall confer to resolve their differences.

33.     The covered employees may undergo the training required by Paragraphs 29 and 30 via live training, computer-based training, web-based training, or via interactive digital media.  If the training is conducted in any format other than live training, the Conn Defendants shall ensure that covered employees have the opportunity to have their questions answered by a company contact that the Conn Defendants identify as having SCRA expertise within two (2) business days of the training.  Any expenses associated with the training program required by Paragraphs 29 and 30 shall be borne by Defendants.

34.     The Conn Defendants shall secure a signed statement in the form attached as Appendix C from each covered employee at the training required by Paragraphs 29 and 30 acknowledging that he or she has been provided training regarding SCRA compliance and a summary of the provisions of the Consent Order and, has read and understands these documents and has had the opportunity to have his or her questions about these documents answered, and agrees to abide by them.  For the duration of this Consent Order, copies of those signed statements shall be provided to the United States upon request. The Conn Defendants shall certify in writing to counsel for the United States that all covered employees successfully completed the training required by Paragraphs 29 and 30.

## VII.   SCRA POLICIES AND PROCEDURES

35.     Within thirty (30) calendar days of the date of entry of the Consent Order, the Conn Defendants shall complete a review of their SCRA policies and procedures to ensure that their Contracts do not bear interest in excess of six percent (6%) per annum during a period of

military service, where the obligation was incurred before military service and for which a

servicemember requests SCRA benefits, as required by Section 3937 of the SCRA, 50 U.S.C. §

3937.  The SCRA Policies and Procedures shall contain the following provisions:

 a. the Conn Defendants shall accept borrowers' written requests for

reduced interest rates pursuant to the SCRA that provide the Conn Defendants

with: 1) a copy of the servicemember's military orders; or 2) "any other

appropriate indicator of military service" establishing that he or she is eligible

for the SCRA's interest rate benefit.  The Conn Defendants shall check the

Department of Defense's Defense Manpower Data Center ("DMDC") website to

confirm eligibility.  The written notice and proof of military service must be

provided to the Conn Defendants within 180 days of the end of the

servicemember's military service.  The Conn Defendants shall seek only military

orders identifying the beginning date of the applicable period of military service

from the requesting borrower.  The Conn Defendants shall not require that any

military order submitted have a specific end date for the period of military

service.  The Conn Defendants shall also designate customer service

representatives who have been specifically trained on the protections of the SCRA

and who are responsible for the intake and fulfillment of SCRA benefit requests

across all Contracts, to whom servicemembers may be directed.

 b. When the Conn Defendants receive a request from a borrower for a

reduced interest rate pursuant to the SCRA, within two (2) billing cycles they

shall determine the borrower's eligibility for the reduced interest rate on all

Contracts held by that borrower.  If the borrower is determined to be eligible, the reduced interest rate will be applied retroactively to the first day of eligibility.

c.      Within twenty-one (21) days after determining that a borrower is not eligible for an interest rate reduction pursuant to the SCRA, the Conn Defendants shall notify the borrower in writing of the reason(s) for the denial. The Conn Defendants shall ensure that such borrower is given an opportunity to provide additional documentation or information to attempt to establish eligibility for the reduced interest rate.

d.      The Conn Defendants shall be permitted to raise the interest rate on an eligible borrower's Contract(s) to an amount higher than six percent (6%) per year only after the Conn Defendants access the DMDC website, and the information on the DMDC website shows that the servicemember is no longer in military service.

36.     No later than thirty (30) days after the date of entry of the Consent Order, the Conn Defendants shall provide a copy of the proposed SCRA Policies and Procedures required under Paragraph 35 to counsel for the United States. The United States shall respond to the Conn Defendants' proposed SCRA Policies and Procedures within forty-five (45) calendar days of their receipt.  If the United States objects to any part of the Conn Defendants' proposed SCRA Policies and Procedures described in Paragraph 35, the parties shall confer to resolve their differences.  If the parties cannot resolve their differences after good faith efforts to do so, either party may bring the dispute to this Court for resolution.  The Conn Defendants

shall implement the SCRA Policies and Procedures within ten (10) days of approval by the United States or the Court.

37.     If at any time during the term of this Consent Order the Conn Defendants propose to materially change their SCRA Policies and Procedures described herein, they shall first provide a copy of the proposed changes to counsel for the United States.  If the United States does not deliver written objections to the Conn Defendants within forty-five (45) calendar days of receiving the proposed changes, the changes may be implemented.  If the United States makes any objections to the proposed changes within the forty-five (45)-day period, the specific changes to which the United States objects shall not be implemented until the objections are resolved.

## VIII.   ADDITIONAL REPORTING AND RECORD-KEEPING REQUIREMENTS

38.     For the duration of this Consent Order, the Conn Defendants shall retain all records relating to their obligations hereunder, including their records with respect to all interest rate reduction requests pursuant to the SCRA, and all records relating to compliance activities as set forth herein.  The United States shall have the right to review and copy any such records, including electronic data, upon reasonable request during the term of this Consent Order.

39.     During the term of this Consent Order, the Conn Defendants shall notify counsel for the United States in writing within thirty (30) calendar days of receipt of any SCRA or military-related complaint.  The Conn Defendants shall provide a copy of any written complaints with the notifications.  Whether regarding a written or oral SCRA complaint, the notification to the United States shall include the full details of the complaint, including the complainant's name, address, and telephone number.  Defendants shall also promptly provide the United States all non-privileged information it may request concerning any such complaint and shall inform

the United States in writing within thirty (30) calendar days of the terms of any resolution of such complaint.  If the United States raises any objections to the Conn Defendants' actions, the parties shall meet and confer to consider appropriate steps to address the concerns raised by the United States' review.  If the parties are unable to come to an agreement regarding such objections or concerns, any party may bring the dispute to this Court for resolution.

## IX.    SCOPE OF CONSENT ORDER

40.    The provisions of this Consent Order shall apply to the Conn Defendants and any of their successors.  It shall also apply to the officers, employees, agents, representatives, assigns, successors-in-interest, and all persons and entities in active concert or participation with all of those entities.

41.    In the event that any of the Conn Defendants are acquired by, or merge with, another entity, the Conn Defendants shall, as a condition of such acquisition or merger, obtain the written agreement of the acquiring or surviving entity to be bound by any obligations remaining under this Consent Order for the remaining term of this Consent Order.

42.    This Consent Order does not release claims for practices not addressed in the Complaint's allegations, and it does not resolve and release claims other than claims for violations of 50 U.S.C. § 3937 that may be brought by the United States.  This Consent Order does not release any claims that may be held or are currently under investigation by any other federal agency.

43.    Nothing in this Consent Order will excuse the Conn Defendants' compliance with any currently or subsequently effective provision of law or order of a regulator with authority over the Conn Defendants that imposes additional obligations on them.

44.     The parties agree that, as of the effective date of this Consent Order, litigation is not "reasonably foreseeable" concerning the matters described above.  To the extent that any party previously implemented a litigation hold to preserve documents, electronically stored information ("ESI"), or things related to the matters described above, the party is no longer required to maintain such litigation hold.  Nothing in this Paragraph relieves any party of any other obligations imposed by this Consent Order.

## X.   MODIFICATIONS, ATTORNEY'S FEES AND COSTS, AND REMEDIES FOR NON-COMPLIANCE

45.     Any time limits for performance imposed by this Consent Order may be extended by the mutual written agreement of the parties.

46.     The parties shall be responsible for their own attorney's fees and court costs.

47.     The parties shall endeavor in good faith to resolve informally any differences regarding the interpretation of, and compliance with, this Consent Order prior to bringing such matters to the Court for resolution.  However, in the event the United States contends that there has been a failure by the Conn Defendants, whether willful or otherwise, to perform in a timely manner any act required by this Consent Order or otherwise comply with any provision thereof, the United States may move the Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring the performance of such act or deeming such act to have been performed, and an award of any damages, costs, and attorney's fees which may have been occasioned by the Conn Defendants' violation or failure to perform.

## XI.   RETENTION OF JURISDICTION

48.     The Court shall retain jurisdiction over all disputes between and among the parties arising out of the Consent Order, including but not limited to interpretation and enforcement of the terms of the Consent Order.

49.     Upon the Court's approval of this Consent Order, this case shall be dismissed without prejudice.  The Court shall retain jurisdiction for the duration of this Consent Order for three (3) years to enforce the terms of the Consent Order, after which the case shall be dismissed with prejudice.  The United States may move the Court to extend the duration of this Consent Order in the interests of justice.

IT IS SO ORDERED.

This the _____ day of ___ JAN 2 9 2021 _____, _____

_____
UNITED STATES DISTRICT JUDGE

By their signatures appearing below, the parties consent to the entry of this Consent Order.

*For the United States of America:*


RYAN K. PATRICK                                    JOHN B. DAUKAS
United States Attorney                              Acting Assistant Attorney General
                                                   Civil Rights Division


By: /s/ Elizabeth F. Karpati                       /s/ Sameena Shina Majeed
ELIZABETH F. KARPATI                               SAMEENA SHINA MAJEED
Assistant United States Attorney                   Chief
State Bar No. 00794069                             Housing and Civil Enforcement Section
SDTX: 20567
1000 Louisiana, Suite 2300
Houston TX 77002                                   /s/ Elizabeth A. Singer
(713) 567-9767 (PHONE)                             ELIZABETH A. SINGER
(713) 718-3303 (FAX)                               Director
Email: Elizabeth.Karpati@usdoj.gov                 U.S. Attorneys' Fair Housing Program
                                                   Housing and Civil Enforcement Section


                                                   /s/ Tanya Ilona Kirwan
                                                   TANYA ILONA KIRWAN, MD Bar
                                                   Trial Attorney/Attorney-in-Charge
                                                   U.S. Department of Justice
                                                   Civil Rights Division
                                                   Housing and Civil Enforcement Section
                                                   4 Constitution Square
                                                   150 M Street, NE, Suite 8.125
                                                   Washington, DC 20530
                                                   Email: tanya.kirwan@usdoj.gov
                                                   Tel: 202-305-4973
                                                   Fax: 202-514-1116

*For the Conn Defendants:*

Conn Credit I, LP, Conn Appliances, Inc.,
and Conn's, Inc.

Mark Prior, Esq.
Vice President, General Counsel,
   & Corporate Secretary
Conn Appliances, Inc.,
d/b/a Conn's HomePlus
Duly Authorized

# APPENDIX A

## LETTER FOR COMPENSATION CHECKS

**NOTICE AND RELEASE OF CLAIMS**

Dear [Borrower's Name]:

Conn Credit I, LP, Conn Appliances, Inc., and Conn's, Inc. (hereinafter collectively "Conn's") conducted a review of their compliance with the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. §§ 3901-4043, a federal law that provides certain financial protections to servicemembers while they are in military service.  After identifying [insert number] transactions with SCRA-protected servicemembers where Conn Credit I, LP had erred in its application of the 6% interest rate cap of the SCRA, 50 U.S.C. § 3937, Conn Credit I, LP **[is issuing/issued]** refund checks or **[is adjusting/adjusted]** the affected accounts to restore compliance with the SCRA.

Conn Credit I, LP voluntarily disclosed its findings to the U.S. Department of Justice's Civil Rights Division and settled the case with the United States of America regarding them.  As a term of the settlement and in appreciation of your service, Conn's is providing you with **[blank (if applicable) and]** an additional $500.00 payment.

Please read this notice. If you agree to these terms, you may endorse and cash the accompanying check **within 180 days of its issuance date**.  If you do not agree to all of the terms and conditions of this letter and the accompanying check, you should not cash or otherwise endorse the check, and should instead return the check to Conn's.

In consideration for the parties' agreement to the terms of the Consent Order entered in *United States v. Conn Credit I, LP, Conn Appliances, Inc., and Conn's, Inc.* (S.D. Tex.), Civil Action No. [Number], and Conn's payment to me of $[Payment], I, [Borrower's Name], understand that cashing or endorsing the enclosed check constitutes a final, complete, and full accord and satisfaction, settlement, release and discharge of any and all claims, arising prior to the date of this Release, related to the facts at issue in the litigation referenced above and related to the alleged violations of Section 3937 of the SCRA, 50 U.S.C. § 3937, that I may have against Conn's and all related entities, parents, predecessors, successors, subsidiaries, and affiliates and all of its past and present directors, officers, agents manager, supervisors, shareholders, and employees and its heirs, executors, administrators, successors, or assigns.

You should be aware that the money you may receive might have consequences with respect to your federal, state, or local tax liability, as well as eligibility for any public assistance benefits you may receive.  Neither Conn's nor the United States Department of Justice can advise you on tax liability or any effect on public assistance benefits.  You may wish to consult with a qualified individual or organization about any possible tax or other consequences resulting from your receipt of this payment.  If you have any questions concerning this release or the settlement, please contact [Contact Number].

We deeply appreciate your service to our country.  We are committed to serving the needs of our customers who serve in the military, and we regret any error that may have occurred on your account.

Sincerely,

[NAME]

Enclosure

## APPENDIX B

### E-OSCAR AUD INFORMATION

| AUD FIELD NAME | EXISTING NEGATIVE CREDIT ENTRY CODE: | THE CONN DEFENDANTS TO CHANGE EXISTING NEGATIVE CREDIT ENTRY CODE TO: |
|---|---|---|
| Account Status | 05, 61, 62, 63, 64, 65, 71, 78, 80, 82, 83, 84, 88, 89, 93, 94, 95, 96, 97 | 11 if the Contract is open<br><br>13 if the Contract is closed |
| Payment Rating | 1, 2, 3, 4, 5, 6, G, or L | 0 |
| Payment History Profile | 1, 2, 3, 4, 5, 6, G, H, J, K, or L | 0 for each month a complete or partial payment was made<br><br>D for each month no payment was made |
| Special Comment | B, H, I, O, S, AC, AN, AO, AT, AU, AV, AX, AZ, BA, CM, CN, CO, CP | Blank |
| Amount Past Due | Any Amount | 0 |
| Original Charge-Off Amount | Any Amount | 0 |
| Date of First Delinquency | Any Date | No Date (Zero Filled) |
| Consumer Information Indicator | A, B, C, D, Z, or 1 A | Q (to remove existing Consumer Information Indicator) |

NOTE: Other than providing the credit bureaus with the instructions described above, the Conn Defendants are not responsible or liable for the actions or omissions of the credit bureaus. Therefore, the Conn Defendants cannot and do not guarantee, warrant, or take responsibility for the performance of the credit bureaus hereunder.

## APPENDIX C

### EMPLOYEE ACKNOWLEDGMENT

     I acknowledge that on _____, 20___, I was provided training regarding SCRA compliance and a summary of the provisions of the Consent Order entered by the Court in *United States v. Conn Credit I, LP, Conn Appliances, Inc., and Conn's, Inc.* (S.D. Tex.), Civil Action No. 4:20-cv-03221.  I have read and understand these documents and have had my questions about these documents and the SCRA answered.  I understand my legal responsibilities and will comply with those responsibilities.

_____
[PRINT NAME]

_____
[SIGNATURE]

_____
[JOB TITLE]